ROGER AGIN, Plaintiff in Error, *vs.* MARIA T. HEYWARD, Executrix, &c., Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Under the State Constitution, the District Court is a Court of general jurisdiction, and has original jurisdiction in civil actions, although the amount in controversy may be less than one hundred dollars.

The District Court has original jurisdiction in every case where the Constitution itself does not clearly confer it on some other court. This jurisdiction extends to all causes which the Legislature may, in its discretion, authorize other courts to take cognizance of, because the discretion may never be exercised, or not to the extent authorized, and it is necessary, in the meantime, for some court to have the jurisdiction. The authority possessed by the Legislature, to confer on other courts a portion of the jurisdiction vested by the Constitution in the District Court, does not imply the right to deprive the latter of such jurisdiction, but simply to authorize other courts to exercise it, concurrently with the District Court, in such cases.

The claim for lien in this case was filed in the office of the Register of Deeds, under the act of Aug. 12, 1858. *Stat. of Minn., p.* 696.

The amount claimed to be due was less than one hundred dollars, to wit, $69 75, with interest from September 5, 1858. Summons served August 6, 1860. The demurrer to the complaint raises the simple question, whether or not the District Court could entertain jurisdiction of such an action, when the amount claimed to be due is less than $100.

Points and Authorities of Plaintiff in Error.

The only question in this case is, whether a person having a lien upon real estate, for work and labor, under the Mechanic's Lien Law, of August 12, 1858, upon which there is a balance due of less than $100, can enforce his lien by original suit in the District Court.

We claim that he can, because it is an equitable proceeding. Before the code, the party could have enforced such a lien only by suit in Chancery.

The District Court has original jurisdiction in such matters *Statutes, p.* 478.

This jurisdiction is not taken away by the Code, but only the form of proceeding changed. The lien can only be enforced by judgment of the District Court. A justice of the

peace has no power to do anything towards enforcing the lien.

The lien may be established and enforced by the District Court, without giving any personal judgment in the matter.

Points and Authorities of Defendant in Error.

1.—The District Court has original jurisdiction in all cases, both in law and in equity, where the amount in controversy exceeds one hundred dollars. *Const., Art.* 6, *sec.* 5, *Stat. of Minn., p.* 478, *sec.* 3.

2.—"The Statutes of the State give original jurisdiction of all matters involving one hundred dollars and less, (with the exceptions in the Statutes contained,) to the courts of Justices of the Peace, exclusively, and all matters exceeding that amount to the District Courts exclusively. The object of the acts is to ' limit' the jurisdiction of the Courts." *Castner & Hinkley, vs. Chandler & Green,* 2 *Minn.,* 86.

3.—The Statute abolishing a separate Chancery practice, makes an exception in favor of actions for the " foreclosure and satisfaction of mortgages," without regard to the amount in controversy. *Stats. of Minn., p.* 480, *sec.* 2. But makes no exception in favor of a civil action to enforce a lien, even admitting that it is an equitable action.

4.—But this is not an " equitable action." On the contrary, it is always regarded by the Courts as a most inequitable proceeding, and is never extended beyond the strict letter of the statute. *Knox & West vs. Starks, Sears, et als.,* 4 *Minn.,* 20; *McCarty vs. Van Etten,* 4 *Minn.,* 461; *Baily & Gilman vs. Mason & Craig,* 4 *Minn.,* 546; *Farmer's Bank vs. Winslow,* 3 *Minn.,* 86.

It is, in every respect, a civil action for the recovery of the debt. And by force of the Statute, and of the Statute alone, an extraordinary remedy, or lien, is given for the security of the debt. There is no appeal to the equitable interposition of the Court. A certain state of facts alone, set forth in the complaint, will entitle the party to this extraordinary relief. But the slightest departure from those pre-requisites will deprive him of his lien, and no appeal to the equitable interfer-

ence of the Court would give him a *status*. The claimant must depend alone upon a strict performance of the Statute. As well might we call the proceeding by attachment, or any other extraordinary proceeding, given by Statute, an equitable proceeding, as the one under discussion.

5.—It is not necessary to discuss the question, whether or not a Justice of the Peace can enforce the lien or not. He alone has jurisdiction of the cause of action, and the claim (made by the Plaintiff in Error,) that the " lien may be established and enforced by the District Court, without giving any personal judgment on the matter," cannot be entertained for a moment.

SMITH & GILMAN, Counsel for Appellant.

VAN ETTEN & OFFICER, Counsel for Respondent.

*By the Court*—EMMETT, C.J.—The only question involved in this case, is whether the District Court has jurisdiction to enforce a mechanic's lien, for a sum less than one hundred dollars. The statute directs the action to be brought in that Court whatever the amount, but the Defendant insists that by the Constitution the District Court cannot take cognizance of any action, in the first instance, where the amount in controversy is less than one hundred dollars. On the other hand the Plaintiff contends that this is an equitable proceeding, and that the District Court has original jurisdiction of all matters in equity.

The Constitution vests all the judicial power of the State in certain Courts, therein enumerated or provided for. It confers no original jurisdiction on the Supreme Court. The Legislature may however give it such jurisdiction in " remedial cases," but without legislative action the Supreme Court is strictly a Court of Appeal. The jurisdiction of the Probate Courts is expressly confined to " estates of deceased persons, and persons under guardianship. No original jurisdiction is given absolutely to Justices of the Peace. The Leg islature however is authorized to prescribe what their duties and compensation shall be, but cannot extend their

jurisdiction to any civil cause, where the amount in contro-
versy exceeds one hundred dollars, nor to any criminal cause
where the punishment exceeds three months' imprisonment,
or a fine of over one hundred dollars ; nor to any case involv-
ing the title to real estate.

It will be observed that the constitution vests absolutely no
original jurisdiction whatsoever in the Courts already men-
tioned, except that given to Probate Courts over estates of
deceased persons, and persons under guardianship, but leaves
the matter wholly to the wisdom of the Legislature, within
certain specified limits.   That is to say, the Supreme Court
and Justices of the Peace are made capable of receiving
original jurisdiction to a certain extent, but without legis-
lative action such jurisdiction does not exist. The Legislature
may therefore decline to give to the former Court cognizance
of any action or proceeding in the first instance—or it may
limit the jurisdiction of the latter to any particular class of
actions, or to causes involving fifty dollars only, or any other
amount not exceeding one hundred dollars ; and may forever
decline establishing the additional Courts authorized by the
constitution.   So far then as regards the Supreme and Probate
Courts and Justices of the Peace, they are Courts of limited
or special, and not of general jurisdiction.

The judicial power of a State is co-extensive with the
power of legislation.   The Courts under our Constitution are
the sole repositories of this power ; and they have it independ-
ent of the action or nonaction of any other department of the
government.   The constitution created all the Courts neces-
sary to the exercise of the power conferred ; and although
the Legislature is authorized to establish others inferior to the
Supreme Court, yet as the necessity for such additional Courts
may never arise, all the judicial power conferred must in the
mean time be exercised by the Courts already provided.

How then is this power distributed by the organic law ?
Appellate jurisdiction in every case is given to the Supreme
Court.   But, as we have seen, original jurisdiction, except
over estates of deceased persons, and persons under guardian-
ship, is not directly conferred on either of the Courts before
mentioned.   And although the Legislature may authorize
    vol vi.—14

them to take cognizance of certain causes, yet as that body may never act, or having acted, may repeal or modify at pleasure, the jurisdiction in the meantime must necessarily reside in some other court or courts; for unless jurisdiction over every case in which a person has a right of action exists in some tribunal, there may be a total failure of justice.

There is but one other, the District Court, named in the constitution, and that Court by its constitution is capable of receiving and exercising, and we believe was intended by the organic law to receive and exercise, in the first instance, all the judicial power not vested by that instrument in other courts. It is, in our opinion, the one great court of general jurisdiction to which all may apply to have justice judicially administered, in every case where the Constitution itself does not direct application to be made elsewhere. Each of the others is expressly confined to certain limits, or the jurisdiction, which may be conferred on it, is expressly limited. But the powers of the District Court are neither defined nor restricted by the constitution; nor does its original jurisdiction depend in any degree upon legislative action.

The constitution declares that "the District Courts shall have original jurisdiction in all civil cases, both in law and equity, where the amount in controversy exceeds one hundred dollars, and in all criminal cases where the punishment exceeds three months' imprisonment or a fine of over one hundred dollars; and shall have such appellate jurisdiction as may be prescribed by law;" but there are no words of limitation as to the original jurisdiction, as there are in regard to every other court.

It may be urged however that there is an implied limitation to this jurisdiction, under the rule, that what is not enumerated is necessarily prohibited. But we could not apply that rule to the clause just recited without denying jurisdiction to all the courts in a great variety of cases. Numerous examples might be cited, but one alone will be sufficient to show the difficulties to be encountered in limiting the jurisdiction of the District Court in the manner suggested. Take as an illustration an action involving title to real estate, in which the parties are entitled to a trial by jury,

and when the value of the property in controversy is less than one hundred dollars. The Supreme Court is expressly denied jurisdiction in any such action. So are the Probate Courts. So also are Justices of the Peace, and the Legislature has established no other court capable of trying it. What court then can entertain the action? The only court not expressly prohibited from trying an action of this kind is the District Court; and yet if that court is limited to such cases only as are enumerated in the section above recited, the action cannot there be tried, because actions involving title to real estate are not expressly mentioned, and if the value of the property in controversy is less than one hundred dollars, they are certainly not implied. It is not contemplated by the constitution that there can be a total failure of justice in any case, and we could not adopt such a construction or interpretation of that instrument, as would admit the possibility of there being a legal right that could not be judicially enforced, or a wrong without a remedy therefor in the law. The bill of rights declares that every person is entitled to a certain remedy in the laws, for all injuries which he may receive in his person, property or character. *Sec.* 8, *Art.* 1. This includes the enforcement of rights as well as the redress of wrongs. But how can we carry this provision or declaration into effect, if we deny, to the tribunals, in which the judicial power is vested, jurisdiction in any given case? There must of necessity, therefore, be some court of general jurisdiction, and among those established by the constitution, the District Court is the only court not limited by express words—the only one not in fact prohibited from entertaining original jurisdiction beyond specified limits.

The Defendant's counsel has referred us to the decision we made in *Castner and Hinkley vs. Chandler and Green*, 2 *Min.*, 86, and insists that it is decisive of this case. That was a case involving the jurisdiction of the District Court under the act of Congress organizing the Territory of Minnesota, and the laws passed by the Territorial Legislature, in pursuance of said act. We think there is nothing in that decision inconsistent with our present holding. The " organic act " so called, did not attempt to define the jurisdiction of the territo-

Agin v. Heyward.

rial courts so far as cases arising under the territorial laws were concerned, but left it wholly with the Legislature to determine what the jurisdiction of each should be, and to distribute the judicial power among the several courts as it might deem proper; only providing that jurisdiction in certain cases should not be conferred by the Legislature on Justices of the Peace. "The jurisdiction of the several courts herein provided for, both appellate and original * * * shall be as provided by law" is the language of the "organic act." In distributing the judicial power, the territorial legislature enacted, that Justices of the Peace should have cognizance and jurisdiction amongst other matters, of actions " arising on contract for the recovery of money, if the sum claimed does not exceed one hundred dollars," and it was also enacted that the District Courts should have original jurisdiction in all civil actions " where the sum in controversy shall exceed one hundred dollars, and in all civil actions whatever the amount in controversy, in which a Justice of the Peace has not jurisdiction."

In the case referred to we held substantially that neither the District Courts nor Justices of the Peace had any distinct jurisdiction, in cases arising under the laws of the Territory, except such as was conferred by the statutes, and that it was evidently intended by the statutes above recited, to give original and exclusive jurisdiction of all matters involving one hundred dollars or less to Justices of the Peace; and to the District Courts exclusive jurisdiction of all actions wherein the sum in controversy exceeded that sum.

We are unable to see that the rule of construction applied in *Castner & Hinckley vs. Chandler & Green,* conflicts in the least with that adopted in the present case. Under the Territorial organization the several courts had only such jurisdiction as the Legislature saw proper to confer. Under the State organization, the constitution defines or limits their jurisdiction, and so far at least as concerns the District Court, the Legislature can neither increase or diminish its original jurisdiction. In the one case, the judicial power was distributed by the Legislature, in the other by the constitution itself; but in either case, we regard the distribution, when made, as a distribution of all the judicial power; and that when a particu-

lar jurisdiction is thus given to one court, it is necessarily exclusive, unless the contrary clearly appear. We construed the statutes above referred to as though they were a part of the organic act of the Territory, and had the same language been used in our constitution, it would have received the same construction. We endeavored to give effect to the intention of the Legislature in the former decision, and think we are carrying out the intent of the framers of the constitution in the present. It seemed clear to us that the Legislature meant to give to the District Courts and Justices of the Peace, exclu·sive jurisdiction over the several matters confided to them, and it is equally plain that the Constitutional Convention intended that the District Courts should be courts of general jurisdiction, and conferred on them all the judicial power not expressly given by the constitution to other tribunals.

If the constitution had conferred the judicial power of the State on the Supreme Court, District Courts and Probate Courts only, and had then declared that the first should have appellate jurisdiction in every case, and the last should be limited to jurisdiction over estates of deceased persons, and persons under guardianship ; no one would ever have doubted that all the judicial power not vested in the Supreme and Probate Courts, belonged of necessity to District Courts ; because it could reside nowhere else. Nor do we think this interpretation would be changed, although by subsequent sections the Legislature were authorized to establish other courts in addition to those named ; or another court were named, upon which certain powers might be conferred. Had such been the language of the article on the judiciary, it would at once have been said, that as all the judicial power had, in the first instance, been apportioned between the Supreme, the District, and the Probate Courts, the mere authority given to the Legislature to establish or confer certain jurisdiction on other courts, did not deprive those in whom jurisdiction was first vested, of any portion of the power conferred on them.

But wherein does the language of the constitution differ, in effect, from that above suggested? I confess, if there be a substantial difference, that I am unable to perceive it. The article on the judiciary first vests all the judicial power in

certain courts. Particular jurisdiction is then given absolutely to the Supreme Court and Probate Courts, leaving all the remaining judicial power conferred, to the District Court as the only one capable of exercising it, without legislative authority. It is, however, provided, that additional jurisdiction may, by law, be given to the Supreme Court, that additional courts may be established, and that Justices of the Peace may be authorized to take cognizance of cases to a limited extent ; yet the exercise of this power by the Legislature does not necessarily deprive any court of the jurisdiction previously conferred on it by the constitution. The establishing of criminal or commercial courts, and conferring upon them jurisdiction over cases now heard and determined in the District Court, would no more deprive the latter of its jurisdiction of those cases, than the giving of the Supreme Court original jurisdiction in remedial cases, excludes the District Court of its jurisdiction over the same, or the giving appellate powers to the District Court interferes with the appellate jurisdiction of the Supreme Court ; nor should the fact that the Legislature have given jurisdiction to Justices of the Peace to the full extent authorized by the constitution, oust the District Court of jurisdiction in such cases, any more than the election of court commissioners, with the judicial powers and jurisdiction of a Judge of the District Court at chambers, took from the District Judge the power to transact chamber business.

We are, therefore, constrained to hold that the District Court has original jurisdiction in every case where the constitution itself does not clearly confer it on some other court. That this jurisdiction extends to all causes which the Legislature may, in its discretion, authorize other courts to take cognizance of ; because the discretion may never be exercised, or not to the extent authorized, and it is necessary, in the meantime for some court to have the jurisdiction. And that the authority possessed by the Legislature to confer on other courts a portion of the jurisdiction vested by the constitution in the District Court, does not imply the right to deprive the latter of such jurisdiction, but simply to authorize other courts to exercise it, concurrently with the District Court in such cases.

The Defendant in the court below demurred to the complaint, on the ground that the Court had no jurisdiction of the action, the amount of the Plaintiff's claim being less than one hundred dollars. And the Court having sustained said demurrer, and entered judgment thereon for the Defendant, the said judgment is reversed, and the case remanded, with directions to overrule the demurrer, and enter judgment for the Plaintiff, unless, upon cause shown, the Defendant have leave to answer over.