**Dallas HENNING and Marilyn Henning, husband and wife, Respondents,**

v.

**George James WINEMAN, Respondent,**

**Western National Mutual Insurance Company, Appellant.**

**No. 51053.**

Supreme Court of Minnesota.

March 20, 1981.

Farrish, Johnson, Maschka & Hottinger and John C. Hottinger, Mankato, for appellant.

Schmidt, Thompson, Thompson & Johnson and Joseph E. Thompson, Willmar, for Henning.

Erickson, Zierke, Kuderer, Myster & Wilhelm and Charles R. Zierke, Fairmont, for Wineman.

AMDAHL, Justice.

This is an appeal from an order of the district court, Fifth Judicial District, denying Intervenor's motion for amended findings of fact, conclusions of law, and order for judgment, or for a new trial.

The issue is whether the district court has the jurisdiction to allocate the proceeds of a third party settlement between amounts recoverable under workers' compensation and amounts not so recoverable. In our opinion, the district court has that authority. The order of the district court is, therefore, affirmed.

Plaintiff Henning was injured in an automobile accident in 1973, while test driving a car in the course of his employment; as a result, he suffered physical and psychological injuries. Intervenor, Western National Mutual Insurance Company, the employer's compensation insurer, paid plaintiff workers' compensation benefits in the total amount of $4,446.00. Plaintiff filed for additional compensation benefits; the intervenor contested that claim.

Plaintiff brought suit against George Wineman, the third party tortfeasor, for damages incurred as a result of the accident. Western National was informed of the pendency of the action and intervened therein.

Prior to trial plaintiff and defendant entered into a settlement agreement under which defendant was to pay $60,000.00, distributed as follows: $10,000.00 to plaintiff's wife for loss of consortium, $50,000.00 to plaintiff for his injuries. The intervenor agreed that the total settlement amount was reasonable as was the allocation of $10,000.00 to the wife's consortium claim, with the remainder to plaintiff's claim.

Plaintiff then petitioned the district court to hold an allocation hearing to determine the amount of the proceeds attributable to non-recoverable claims. The district court granted the petition over intervenor's objection. At the conclusion of the allocation hearing, in which all parties participated, the district court allocated $25,000.00 to non-recoverable damages and $25,000.00 to recoverable. Intervenor thereafter moved for amended findings of fact, conclusions of law and order for judgment, or for a new trial. The motion was denied, and intervenor appealed to this court.

The employer and its compensation insurer in the instant case are subrogated to the rights of plaintiff Henning as Henning

elected to receive compensation benefits from his employer. Minn.Stat. § 176.-061(5)(a) (1980). The controversy in this case centers on the extent of that subrogation interest; does the distribution scheme set out in Minn.Stat. § 176.061(6) (1980) apply to the total proceeds of the settlement, or only to that amount deemed recoverable under workers' compensation? We hold that where the proceeds of a settlement are allocated between recoverable and non-recoverable damages, only the proceeds allocated to recoverable damages are subject to section 176.061(6).[1]

We are not persuaded by Intervenor's first assertion that no court has the authority to allocate the proceeds of a settlement between amounts recoverable under workers' compensation and those not so recoverable. Intervenor argues that the statute sets out the only possible distribution scheme as that section provides that "[t]he proceeds of all actions for damages or settlement thereof under this section * * * shall be divided as follows: * * *." Minn.Stat. § 176.061(6) (1980). Intervenor reads that statement as asserting that *all* proceeds of a settlement must be distributed pursuant to that section. We do not agree.

We have previously considered the extent of the application of section 176.061(6) and limited its scope to those proceeds in which the employer has a subrogation interest. Thus, the section does not apply to the proceeds of a settlement attributable to a loss of consortium claim, *Rascop v. Nationwide Carriers*, 281 N.W.2d 170 (Minn.1979),

or to damages that are not recoverable under workers' compensation, *Naig v. Bloomington Sanitation*, 258 N.W.2d 891 (Minn. 1977); the employer has no subrogation interest in those recoveries.

In the instant case, the Intervenor has a subrogation interest in a portion of the proceeds of the settlement in question, that amount attributable to damages recoverable under workers' compensation. When the proceeds of a settlement made in district court include both amounts recoverable and not recoverable under workers' compensation, the extent of the employer's subrogation interest can be determined in either of two ways at the option of the employee. Under the first option, no allocation between amounts recoverable and not recoverable is made by the district court and section 176.061(6) is applied by the Worker's Compensation Division to the total proceeds of the settlement attributable to the employee's claims. In this way, the employee is compensated for non-recoverable damages by the statutory allocation of one third of the settlement amount remaining after subtraction of costs, free from the employer's interest. Under the second option, the district court makes an allocation of the settlement proceeds between amounts recoverable and not recoverable under workers' compensation and section 176.061(6) is applied by the Workers' Compensation Division to only that portion of the settlement proceeds allocated to recoverable damages. By selecting the second

---

1. Minn.Stat. § 176.061(6) provides:

Costs, attorney fees, expenses. The proceeds of all actions for damages or settlement thereof under this section, except for damages received under subdivision 5, clause (b) received by the injured employee or his dependents or by the employer as provided by subdivision 5, shall be divided as follows:

(a) After deducting the reasonable cost of collection, including but not limited to attorneys fees and burial expense in excess of the statutory liability, then

(b) One-third of the remainder shall in any event be paid to the injured employee or his dependents, without being subject to any right of subrogation.

(c) Out of the balance remaining, the employer shall be reimbursed in an amount equal

to all compensation paid under this chapter to the employee or his dependents by the employer less the product of the costs deducted under clause (a) divided by the total proceeds received by the employee or his dependents from the other party multiplied by all compensation paid by the employer to the employee or his dependents.

(d) Any balance remaining shall be paid to the employee or his dependents, and shall be a credit to employer for any compensation which employer is obligated to pay, but has not paid, and for any compensation that such employer shall be obligated to make in the future.

There shall be no reimbursement or credit to employer for interest or penalties.

option, the employee forfeited his statutory right to one-third of the recovery. In addition, only that portion of costs of collection attributable to recoverable damages is to be considered when the distribution of recoverable proceeds is made pursuant to section 176.061(6).

We noted the propriety of such an allocation in *Naig*. We stated that:

So long as the employer is notified of negotiations leading to such a settlement so that it can appear or intervene to protect its interest and so long as the employee demonstrates that the settlement concerns only damages not recoverable under workers' compensation, *or allocates the settlement into recoverable and nonrecoverable claims*, the employer cannot credit the nonrecoverable portion of the settlement against compensation payments.

258 N.W.2d at 894 (emphasis added) (footnote omitted). This is what the employee petitioned the district court to do in the instant case. We stand by our decision approving that procedure.

Having decided that such an allocation is proper, the question remains whether the district court may make the allocation. We hold that the district court has the authority to allocate the proceeds of a settlement between amounts recoverable and not recoverable under workers' compensation.

We find little merit in Intervenor's contention that the district court is without this jurisdiction. The district court is the repository of broad jurisdictional powers; it "has original jurisdiction in all civil and criminal cases * * *." Minn.Const.Art. VI, § 3. The drafters of the Minnesota Constitution intended the district court to receive and to exercise all judicial power not vested by the Constitution in other courts. *State v. Bach*, 36 Minn. 234, 30 N.W. 764 (1886).

[T]his jurisdiction extends to all causes which the Legislature may, in its discretion, authorize other courts to take cognizance of; because the discretion may nev-

er be exercised, or not to the extent authorized, and it is necessary, in the meantime, for some court to have the jurisdiction; and that the authority possessed by the Legislature to confer on other courts a portion of the jurisdiction vested by the constitution in the District Court, does not imply the right to deprive the latter of such jurisdiction, but simply to authorize other courts to exercise it concurrently with the District Court in such cases.

*Agin v. Heyward*, 6 Minn. 110, 118 (Gil. 53, 62-63) (1861). Therefore, the workers' compensation division can not exercise exclusive jurisdiction over the allocation procedure for the authority held by that division is granted by statute, not by the Minnesota Constitution. Thus, the workers' compensation division may, at best, possess jurisdiction concurrent with the district court's authority to make such an allocation. However, we do not pass upon the question of whether concurrent jurisdiction to allocate the proceeds of a settlement between amounts recoverable and not recoverable rests with the workers' compensation division; that question was neither briefed nor argued before us.[2] All that we decide in this case is that the authority to make such an allocation does rest with the district court.

■ Finally, we find no merit to appellant's argument that the settlement reached by a third party tortfeasor and an injured employee without the consent of the employer will work to extinguish the employer's subrogation rights. As we stated in *Lang v. William Bros Boiler & Manufacturing Co.*, 250 Minn. 521, 531, 85 N.W.2d 412, 419 (1957):

We now hold, therefore, that, where an employee who receives compensation benefits under the Workmen's Compensation Act commences an action against a third-party tortfeasor under M.S.A. 176.061, subd. 5, he may settle such action with the third party without the consent of the employer or the employer's compensation

2. The Workers' Compensation Court of Appeals has itself expressed doubt as to its authority to make such an allocation. *Kuehn v.*

*Jack Frost, Inc.,* No. 477–40–7027 (Minn. Workers' Comp. Ct.App. Sept. 29, 1977).

insurance carrier but that such settlement does not affect the rights of the employer or compensation carrier to proceed against the third party the same as if such settlement had not been made.

The order of the district court is affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.