Craig W. **LOCHER**, Respondent,

v.

Linda M. **GAREIS**, Respondent,

and

**Crystal Midas Muffler and Northwestern National Insurance Company, Appellants.**

No. C5–87–566.

Court of Appeals of Minnesota.

Sept. 1, 1987.

Randall J. Fuller, Robert F. Mannella, Babcock, Locher, Neilson & Manella, Anoka, for Locher.

James A. Dahl, Representative, State Farm Ins. Co., Brooklyn Center, for Gareis.

Howard Y. Held, Fitch, Johnson, Larson & Walsh, Minneapolis, for appellants.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and MULALLY,* JJ.

## OPINION

NIERENGARTEN, Judge.

Locher settled a personal injury claim against Linda Gareis, and then moved the court to allocate recoverable and nonrecoverable damages with regard to workers' compensation. The trial court allocated $13,216.35 as recoverable damages and the remaining $36,783.65 as nonrecoverable. The insurance company appeals, claiming Locher agreed to put the proceeds of the settlement through the statutory formula,

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

and in the alternative, that the trial court erred in making its allocation. We affirm.

## FACTS

In August 1983 Craig Locher was involved in an automobile accident with Linda Gareis while acting within the scope of his employment for Crystal Midas Muffler (Crystal). At the time of the hearing, Northwestern National Insurance Company (NNIC), Crystal's workers' compensation insurance carrier, had paid $13,216.35 in medical benefits and $13,914.95 as temporary total and permanent partial disability payments.

Locher sued Gareis, who was insured by State Farm Insurance Company (State Farm). State Farm offered its policy limits of $50,000 to settle both Locher's claim and NNIC's subrogation claim. NNIC was agreeable to State Farm's settlement offer. The dispute arises over the distribution of the proceeds. NNIC claims that Locher's attorney assured them that the entire $50,000 settlement would be put through the formula outlined in Minn.Stat. § 176.061, subd. 6 (Supp.1983). Locher denies that any such agreement was ever made. Locher filed a motion in district court for an allocation of recoverable and nonrecoverable damages.

The trial court determined that $13,216.35 was recoverable by NNIC. The balance of $36,783.65, less appropriate attorney fees, was nonrecoverable and should be paid to Locher. The judge's order made complete findings of fact, including (1) Locher's pain has increased so he can no longer work; (2) Locher has headaches as well as neck, back and leg problems; (3) Locher appears to have reached maximum medical improvement.

## ISSUES

1. Did the trial court err in failing to apply Minn.Stat. § 176.061, subd. 6?

2. Did the trial court err in its allocation of recoverable and nonrecoverable damages?

## ANALYSIS

■ When an employee receives workers' compensation benefits, the insurance company

> has a right of indemnity or is subrogated to the right of the employee * * * to recover damages against the other party.

Minn.Stat. § 176.061, subd. 3 (Supp.1983).

Under the workers' compensation statute, a formula is applied for distribution of the proceeds of a settlement or judgment. Minn.Stat. § 176.061, subd. 6 (Supp.1983). This application involves no allocation by the court. The employee is compensated for nonrecoverable damages by receiving one-third of the amount remaining after costs are subtracted. *Henning v. Wineman*, 306 N.W.2d 550, 552 (Minn.1981). A second option involves determination of recoverable and nonrecoverable damages by the district court and section 176.061, subd. 6 is applied only to the settlement proceeds allocated to recoverable damages. *Id.* By choosing the second option, the employee forfeits his statutory right to one-third of the recovery. *Id.* at 552–53.

■ Locher chose the second method, which, in the absence of an express agreement to apportion the proceeds by statute, was an option available to him. *See Henning*, 306 N.W.2d at 552–53. NNIC argues that Locher agreed all proceeds would be put through the statutory formula but there is no evidence to support this claim. Correspondence between the parties allegedly supporting NNIC's claim is not part of the district court file, and thus this court cannot consider it on review. Minn.R.Civ. App.P. 110.01; *Thomas v. Fey*, 376 N.W.2d 266, 269 (Minn.Ct.App.1985).

## II

■ NNIC argues that even if the trial court had jurisdiction to allocate recoverable and nonrecoverable damages, it erred in not including the amount of wage loss benefits paid to Locher as part of the recoverable damages.

Workers' compensation legislation is to be interpreted

so as to assure the quick and efficient delivery of indemnity and medical benefits to injured workers at a reasonable cost to the employers * * *.

Minn.Stat. § 176.001 (Supp.1983). Under workers' compensation recoverable damages include medical expenses and a portion of lost wages. Other damages, such as loss of consortium, *Henning*, 306 N.W.2d at 552, or pain and suffering, *Cooper v. Younkin*, 339 N.W.2d 552, 554 (Minn.1983), are not recoverable under workers' compensation.

Locher's settlement was not apportioned. No specific amount was allocated to medical expenses, pain and suffering, lost wages or loss of consortium. Therefore, it was the court's responsibility to make a reasonable allocation.

The settlement allocations will be affirmed "if they appear reasonable in the light of the total award to the plaintiffs." *Krause v. Merickel*, 344 N.W.2d 398, 403 (Minn.1984). The allocation must be "reasonable and not patently arbitrary." *Id.* Further,

> Each allocation must turn on its own merits. The court must conduct an ad hoc balancing of the factors and circumstances of the settlement.

*Id.*

In the present case it is clear from the finding of facts that the trial court was aware of the payments made by NNIC for both medical and total and partial disability. The trial court also made extensive findings on the amount of pain and suffering Locher has incurred, his ability to work and the possibility of surgery. It is also clear that in weighing the various factors in this case, the court determined that the larger portion of the settlement should go to compensating Locher for pain, suffering, and lost wages not covered by workers' compensation. In light of the total award and the extent of Locher's injuries, the allocation is reasonable and not arbitrary.

NNIC states that disability payments are for wage loss, which are recoverable damages and part of NNIC's subrogation interest. While such payments are recoverable damages under the workers' compensation statute, there is nothing that requires that an insurer be fully compensated by settlement with a third-party tortfeasor. Minnesota has emphasized the importance of as full a recovery as possible to the employee. *See Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 121, 257 N.W.2d 679, 685 (1977). The allocation by the court is discretionary and is supported by the findings on Locher's severe pain and unemployment.

## DECISION

The allocation of recoverable and nonrecoverable damages was properly before the court. The court's allocation was reasonable and fair in light of all the circumstances.

Affirmed.