Danil J. DRAKE, et al., Respondents,

v.

REILE'S TRANSFER & DELIVERY, INC., Defendant,

and

The Minnesota Workers' Compensation Assigned Risk Plan, as administered by Wausau Insurance Company, intervenor, Appellant.

No. C5-00-1.

Court of Appeals of Minnesota.

July 3, 2000.

Steven J. Cahill, Cahill & Marquart, P.A., Moorhead, MN (for respondents).

R.B. McLarnan, James E. Nicolai, McLarnan, Hannaher, Vaa & Skatvold, P.L.L.P., Moorhead, MN (for defendant).

Dale J. Evensen, Michael D. Barrett, Cousineau, McGuire & Anderson, Chartered, Minneapolis, MN (for appellant).

Considered and decided by KALITOWSKI, Judge, KLAPHAKE, Judge, and FOLEY, Judge.*

## OPINION

KALITOWSKI, Judge.

Appellant Wausau Insurance Company challenges the district court's order granting respondents' posttrial petition for an allocation of proceeds from the judgment in their third-party tort action pursuant to *Henning v. Wineman*, 306 N.W.2d 550 (Minn.1981), arguing that as a matter of law respondents were required to allocate the judgment under the statutory formula in Minn.Stat. § 176.061, subd. 6 (1998). In the alternative, Wausau argues that respondents were equitably estopped from electing a Henning allocation.

## FACTS

In 1993, respondent Danil Drake suffered an on-the-job injury while unloading appliances from a truck owned by Reile's Transfer and Delivery, Inc. (Reile). Drake and his wife brought a personal injury action against Reile in 1994. Appellant Wausau Insurance Company (Wausau), the workers' compensation insurance carrier for Drake's employer, D.L. TV & Appliance, intervened in the lawsuit to assert its subrogated interest for workers' compensation benefits paid to Danil Drake.

A jury found that Danil Drake and Reile were each 50% at fault and that Danil and Deanna Drake had sustained $340,000 and $15,000 in damages, respectively. The jury completed a special verdict form that apportioned Danil Drake's damages as follows:

| | |
|---|---|
| Loss of past earnings | $ 37,000 |
| Past medical expenses | $ 14,000 |
| Loss of future earnings and earning capacity | $158,000 |
| Future medical expense | $ 18,000 |
| Past damages for pain, disability, disfigurement, embarrassment and emotional distress | $ 13,000 |
| Future damages for pain, disability, disfigurement, embarrassment and emotional distress | $100,000 |

The district court entered findings of fact, conclusions of law, and an order for judgment reducing respondents' damages to reflect Danil Drake's 50% contributory negligence. Respondents filed posttrial motions for new trial or for additur, which the district court denied and this court affirmed. *Drake v. Reile's Transfer & Delivery, Inc.*, No. C4–98–1039, 1999 WL 17682 (Minn.App. Jan.19, 1999), *review denied* (Minn. Mar. 30, 1999).

While respondents' posttrial motions were pending, Wausau and Danil Drake reached a settlement of his workers' compensation claim. At the time of the settlement, Wausau had paid a total of $118,790.64 in workers' compensation benefits. Wausau agreed to pay an additional

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

$110,000 in exchange for Drake's release of all future claims except for future medical expenses. Under the agreement, Wausau retained any subrogation rights it had with respect to respondents' third-party tort action against Reile. The agreement did not address the appropriate method of allocating the proceeds from the third-party tort action.

Following the supreme court's denial of their petition for further review in the tort action, respondents petitioned the district court for allocation of the judgment between recoverable and nonrecoverable damages pursuant to *Henning v. Wineman*, 306 N.W.2d 550 (Minn.1981), rather than the statutory allocation formula under Minn.Stat. § 176.061, subd. 6 (1998). Wausau opposed the petition, arguing that respondents were estopped both equitably and as a matter of law from making a posttrial petition for a Henning allocation after the jury verdict was reduced to judgment and satisfied. The district court granted respondents' petition and allocated the judgment consistent with the itemized damage award made by the jury in its special verdict.[1]

## ISSUES

1. May an employee who has received workers' compensation benefits make a posttrial election to allocate the proceeds from a third-party tort action between recoverable and nonrecoverable damages?

2. Were respondents equitably estopped from seeking a nonstatutory allocation of the proceeds of their third-party tort action?

## ANALYSIS

### I.

■ The district court concluded that respondents were entitled as a matter of law to elect a posttrial allocation of the

judgment under either *Henning v. Wineman*, 306 N.W.2d 550 (Minn.1981), or the statutory formula. This court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Minnesota's workers' compensation statutes permit an injured employee to bring an action against a third-party tortfeasor for recovery of damages. Minn.Stat. § 176.061, subd. 1 (1998). An employer and/or its insurer are subrogated to the employee's rights against the third-party tortfeasor if the employee also receives workers' compensation benefits. Minn. Stat. § 176.061, subd. 5 (1998). When the employee obtains either a judgment or a settlement from the third-party tortfeasor, the employer or insurer may deduct its subrogated share from future workers' compensation benefits in accordance with the statutory allocation formula in Minn. Stat. § 176.061, subd. 6 (1998). *Id.*, subd. 5(a).

■ The statutory formula does not require that the district court allocate the tort proceeds between damages recoverable and nonrecoverable under workers' compensation law. *Locher v. Gareis*, 411 N.W.2d 273, 275 (Minn.App.1987). Instead, the employee receives one-third of the amount remaining after costs are deducted. *Kliniski v. Southdale Manor, Inc.*, 518 N.W.2d 7, 9 n. 2 (Minn.1994). The employer/insurer is then reimbursed for its subrogation claim less a proportionate share of attorney fees, and the remainder, if any, is paid to the employee subject to a credit to the employer/insurer for any future benefits payable. *Id.* The statute's provision for an initial one-third payment to the employee recognizes that a tort recovery often includes damages that are nonrecoverable under workers' compensa-

---

1. At oral argument, Wausau challenged for the first time the district court's calculation of Wausau's recovery under *Henning*. Because this issue was not properly briefed we decline

to address it. *State, Dep't of Labor & Indus. by the Special Compensation Fund v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn.1997).

tion law; thus, the employee receives this portion of the proceeds free from any subrogation claim by the insurer. *Henning*, 306 N.W.2d at 552.

In *Henning*, the supreme court held that where the employee settles with the third-party tortfeasor and the settlement includes amounts both recoverable and nonrecoverable under the workers' compensation statutes, the insurer's subrogation recovery can be calculated in one of two ways, at the employee's option. *Id.* The employee can elect to have the statutory allocation formula applied to the entire recovery in the manner described above. Alternatively, the employee can petition the district court to allocate the proceeds between recoverable and nonrecoverable damages, and then have the statutory formula applied only to that part of the settlement allocable to recoverable damages. *Id.* An employee who selects the latter option forfeits the statutory right to receive a one-third share of the settlement. *Id.* at 552–53.

Unlike the facts in *Henning*, respondents here petitioned for allocation of a judgment following a jury verdict rather than a pretrial settlement. Wausau contends that once a tort action results in a judgment, *Henning* is not applicable and allocation of the proceeds may only occur according to the statutory formula. We disagree.

■ In making its argument, Wausau relies heavily on *Kempa v. E.W. Coons*

*Co.*, a case in which the supreme court mandated the use of the statutory allocation formula on a judgment from a jury verdict. *Kempa v. E.W. Coons Co.*, 370 N.W.2d 414, 418–19 (Minn.1985). But *Kempa* involved significantly different circumstances, in that the injured employee reached a posttrial Naig settlement[2] with the third-party tortfeasor that specifically excluded the employer's subrogated claim for workers' compensation benefits. *Id.* at 416–17. The district court calculated the employer's surviving subrogated claim *against the tortfeasor* by making a Henning allocation of the jury verdict, and the supreme court reversed. *Id.* at 417. The court held that the statutory formula must be used because (1) the employer had participated actively in the trial but not the settlement; and (2) the settlement agreement specifically excluded any resolution of the employer's subrogation rights. *Id.* at 419.

Thus, *Kempa* did not limit an employee's right to choose between allocation methods. The issue simply never arose in the case because the employee was no longer part of the dispute, having entered a settlement with the tortfeasor that expressly excluded resolution of the insurer's subrogated interest. Likewise, the other cases cited by Wausau involving application of the statutory formula to a jury verdict do not address the issue presented here because none involve an employee's attempt to elect a posttrial Henning allocation of a judgment.[3]

---

**2.** A Naig settlement is an agreement between the injured employee and the third-party tortfeasor that settles only those damages that are not recoverable under workers' compensation law. *Jackson v. Zurich Am. Ins. Co.*, 542 N.W.2d 621, 622 (Minn.1996) (citing *Naig v. Bloomington Sanitation*, 258 N.W.2d 891, 893 (Minn.1977)).

**3.** *See, e.g., Albert v. Paper Calmenson & Co.*, 524 N.W.2d 460, 461 (Minn.1994) (holding that a negligent employer's contribution to third-party tortfeasor is limited by the amount of workers' compensation benefits paid); *Wilken v. Int'l Harvester Co.*, 363 N.W.2d 763, 767 (Minn.1985) (holding negligent employer

must contribute its share of employee's tort recovery, up to amount of workers' compensation benefits paid); *Horton by Horton v. Orbeth, Inc.*, 342 N.W.2d 112, 116 (Minn. 1984) (same); *Kordosky v. Conway Fire & Safety, Inc.*, 304 N.W.2d 616, 621 (Minn.1981) (affirming reduction of employee's reimbursement to employer for subrogation interest by amount of attorney fees under section 176.061); *Johnson v. Raske Bldg. Sys., Inc.*, 276 N.W.2d 79, 81 (Minn.1979) (holding that a negligent employer is still entitled to reimbursement of paid workers' compensation benefits under statute); *Cronen v. Wegdahl Coop. Elevator Ass'n*, 278 N.W.2d 102, 105 (Minn.1979) (affirming reduction of insurer's

■ Wausau notes that the cases cited by the district court in support of granting respondents' petition for allocation all involve the application of a Henning allocation to a pretrial settlement. *See, e.g., Henning,* 306 N.W.2d at 550; *Tyroll v. Private Label Chems., Inc.,* 505 N.W.2d 54, 56 (Minn.1993); *Locher,* 411 N.W.2d at 275. Although that observation is correct, nothing in these cases suggests that the availability of a Henning allocation is somehow tied to the *timing* of the resolution of an employee's tort claim. The rationale for permitting a Henning allocation is that an employer/insurer should not be able to recover its subrogated interest out of proceeds that are intended to reimburse an employee for tort damages not otherwise compensable under workers' compensation law. *Tyroll,* 505 N.W.2d at 59. That rationale applies equally whether the employee reaches a pretrial settlement or the jury returns a verdict; in either case, an insurer should not be able to recover its subrogated interest from that part of the award for damages that are nonrecoverable under workers' compensation law.

■ In concluding that a posttrial Henning allocation is permissible under the circumstances presented here, we note that the supreme court has previously suggested in dictum that a district court may grant a petition for a postverdict Henning allocation. In *Sargent v. Johnson,* 323 N.W.2d 767, 771 (Minn.1982), the court held that an employee could not elect a Henning allocation of his posttrial settlement with a third-party tortfeasor where the employer/insurer had been foreclosed from participating in the settlement negotiations. But in its discussion, the court noted that the *jury verdict* could have been properly allocated between recoverable and nonrecoverable damages, either by special interrogatories to the jury or by the trial court following entry of judgment:

> There is also no question that the trial court, on entry of the judgment on the verdict, could have allocated, and prop-

subrogated interest for future benefits by pro-

erly, proceeds between compensable and non-compensable claims.

*Id.*

■ Wausau asserts that policy reasons militate against allowing a posttrial Henning allocation. We do not find these arguments persuasive. Wausau speculates that the availability of a posttrial Henning allocation will give employees a disincentive to adequately prosecute a claim for "recoverable" damages during trial, thereby forcing insurers to participate actively in the trial in order to maximize the proof of recoverable damages. But the workers' compensation statutes already provide a mechanism to protect insurers under such circumstances by permitting intervention when an employee fails to prosecute a claim diligently or when an insurer otherwise deems it advisable. Minn.Stat. § 176.061, subd. 5(a). An insurer is also able to enter an independent settlement of its subrogated claim for workers' compensation benefits against the third-party tortfeasor. *See, e.g., Folstad v. Eder,* 467 N.W.2d 608, 611 (Minn.1991).

Wausau also contends that permitting respondents to elect a Henning allocation in this case runs contrary to the general policy of preventing employees from receiving double recovery for damages recoverable both in tort actions and under workers' compensation law. *See Wandersee v. Brellenthin Chevrolet Co.,* 258 Minn. 19, 23, 102 N.W.2d 514, 517 (1960). Even assuming Wausau's characterization of the outcome here is accurate, we decline to establish a general rule of law that is otherwise contrary to the rationale of *Henning.* Moreover, the alleged double recovery here is attributable to a settlement agreement that did not adequately protect the insurer's subrogated rights in a known jury award for future wages, and not to the application of *Henning.*

We conclude that the district court did not err by permitting a posttrial Henning allocation of the jury verdict, especially

portionate amount of attorney fees).

where the jury had already allocated the award between recoverable and nonrecoverable damages in the special verdict form. The court properly applied the statutory formula to that portion of the judgment that involved damages recoverable under workers' compensation, minus the award for Danil Drake's future lost-wage claim, which he and Wausau had since settled.

## II.

Wausau argues that even if respondents are entitled to elect a Henning allocation, under the facts here they are equitably estopped from doing so. The application of equitable estoppel ordinarily presents a question of fact unless only one inference can be drawn from the facts. *In re Amended Admin. Penalty Order to Westling Mfg., Inc.*, 442 N.W.2d 328, 331 (Minn.App.1989), *review denied* (Minn. Aug. 25, 1989). Here, the district court concluded that estoppel could not apply because there was no evidence that respondents agreed to an allocation pursuant to the statutory formula. This aspect of the court's determination constitutes a factual finding, which we will not set aside unless clearly erroneous. Minn. R. Civ. P. 52.01.

Equitable estoppel prevents the assertion of otherwise valid rights where one has acted in such a way as to induce another party to detrimentally rely on those actions. *See Lucio v. School Bd. of Indep. Sch. Dist. No. 625*, 574 N.W.2d 737, 740 (Minn.App.1998), *review denied* (Minn. Apr. 30, 1998). In order to invoke the doctrine of equitable estoppel, Wausau has the burden of proving (1) that respondents made promises or inducements; (2) that it reasonably relied upon the promises; and (3) that it will be harmed if estoppel is not applied. *Hydra–Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 919 (Minn. 1990).

The district court found Wausau had presented insufficient evidence to support a conclusion that the parties had agreed to a statutory allocation. On appeal, Wausau has pointed to no additional evidence of any express inducements or promises by respondents concerning the allocation method, and our independent review of the record reveals none. The district court did not clearly err in finding that the parties did not agree to use the statutory formula. Because Wausau has not met its burden of proof with respect to the first element of equitable estoppel, its claim must fail.

Wausau also contends that respondents are equitably estopped from choosing a Henning allocation because they did not reveal during settlement negotiations that they planned to seek a Henning allocation. We disagree. A Henning allocation of settlement proceeds from a tort action is available unless an employee expressly agrees that the statutory method will apply. *Locher*, 411 N.W.2d at 275. In the absence of any express agreement to the contrary, respondents were free to elect a Henning allocation. Wausau's argument that respondents are barred from seeking a Henning allocation because they failed to raise the issue in their earlier appeal but waited until the jury verdict was reduced to judgment and satisfied is similarly without merit. The district court was not in a position to allocate the judgment until a final determination of respondents' posttrial motions for new trial or additur had been made.

## DECISION

The district court did not err in granting respondents' petition for a posttrial Henning allocation of the proceeds from their third-party tort action.