Shirley A. JOHNSON, as trustee for the heirs of Lawrence G. Johnson, Decedent, Plaintiff,

v.

RASKE BUILDING SYSTEMS, INC. and H. K. Ferguson Company, Defendants and Third Party Plaintiffs, Appellants,

v.

N. H. SANDBERG ERECTION COMPANY, Third Party Defendant, Respondent.

No. 48923.

Supreme Court of Minnesota.

Feb. 16, 1979.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellants.

Van Eps & Gilmore and Warren P. Eustis, Minneapolis, for respondent.

PETERSON, Justice.

Plaintiff's decedent, an employee of N. H. Sandberg Erection Company, died as a re-

sult of a work-related accident on a construction project of which Raske Building Systems, Inc. (Raske), and H. K. Ferguson Company (Ferguson) were the general contractors. Sandberg, by its insurer, paid decedent employee's beneficiaries $41,000 in workers' compensation benefits. Plaintiff trustee then brought a wrongful death action against Raske and Ferguson, who in turn impleaded Sandberg for contribution. Sandberg cross-claimed to enforce its statutory subrogation rights.

A jury, by special verdict, set damages in the wrongful death action at $105,000 and found plaintiff's decedent 5-percent negligent, employer Sandberg 40-percent negligent, and general contractors Raske and Ferguson 55-percent negligent.

The sole issue on appeal is the appropriate apportionment of these damages among the parties. Where the employer who has paid workers' compensation benefits and a third party are both negligent, the apportionment of damages is controlled by Minn.St. 176.061, subd. 6, and our decision in *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977).

In *Lambertson* we held that a third-party tortfeasor was entitled to contribution from an employer who was also found negligent. Even though the injured employee could only recover workers' compensation benefits from the employer, because of the exclusive remedy clause of the statute, the third-party tortfeasor could recover contribution from the employer in an action by the employee against the third-party tortfeasor. To protect the employer's interest in limiting his liability to the employee, we held that although the amount of contribution must be proportional to the employer's percentage of negligence, it may not exceed the amount of workers' compensation benefits payable to the employee.

The trial court, by its judgment, determined that plaintiff trustee was entitled to $99,750 (95 percent of $105,000) from the general contractors and that the $41,000 workers' compensation benefits constituted a setoff against that claim.[1] The judgment also provided that the general contractors were entitled to $41,000 contribution from the employer and that the employer was entitled to $23,739[2] from the general contractors on the cross-claim. Subsequently the trial court, on its own motion, amended the judgment to clarify that the $41,000 contribution owed by the employer was to be satisfied by its payment of the workers' compensation benefits to decedent's beneficiaries.

We conclude that this apportionment was in error. As a result of this judgment, the employer paid $41,000 in workers' compensation benefits, did not pay any amount to the general contractors because the contribution award was set off by the payment of workers' compensation benefits, and would receive $23,739 from the general contractors on its cross-claim for a total loss of $17,261, or 16.5 percent of the total verdict ($105,000). The general contractors paid $58,750 to plaintiff trustee and $23,739 to the employer, for a total of $82,489 or 78.5 percent of the total verdict ($105,000). This error created confusion when the trial court, then dealing with the employer's subrogation claim, permitted the employer to recover $23,739 from the general contractors. The trial court reasoned the employer had a right to reimbursement pursuant to Minn.St. 176.061, subd. 6(c), even though the payment of workers' compensation operated as a setoff and satisfaction of the employer's contribution obligation. Because the employer was 40-percent negligent, the trial court reduced the amount of reimbursement by the percentage share of the employer's negligence.[3]

---

1. The general contractor paid $58,750 to plaintiff trustee to satisfy this judgment. Thus, the negligence claims of the wrongful death action are not involved in this appeal.

2. The actual figure in the judgment was $24,559, but the parties agree that this amount should have been $23,739.

3. The trial court calculated the amount of reimbursement as follows:

We hold that when an employer has paid workers' compensation benefits and the employee recovers a judgment against a third-party tortfeasor, the employer is entitled to reimbursement of the benefits paid pursuant to § 176.061, subd. 6(c),[4] even though the employer is found negligent. This right of reimbursement protects the employer from double liability; without it the employer would be liable to the employee for workers' compensation benefits *and* to the third-party tortfeasor for contribution pursuant to *Lambertson.*

The correct procedure for apportionment, then, is this: The third-party tortfeasors, here Raske and Ferguson, should pay the entire verdict ($99,750) to the plaintiff. The employer should then contribute to the third-party tortfeasor an amount proportionate to its percentage of negligence, but not to exceed the amount of workers' compensation benefits payable to the employee ($41,000). The employee (here the plaintiff trustee) should then reimburse the employer pursuant to § 176.061, subd. 6(c). In the present case this amount of reimbursement equals the amount of workers' compensation benefits paid ($41,-000),[5] with the result that no money will change hands.

Reversed and remanded for modification of the judgment in accordance with this opinion.

OTIS, J., took no part in the consideration or decision of this case.

| Benefits paid | $41,000 | |
|---|---|---|
| Less percentage share of employer's negligence—42.1 percent (which is 40 percent [Sandberg's negligence] of 95 percent [combined negligence of Sandberg and Raske and Ferguson]) | −17,261 | (42.1 percent of $41,000) |
| Amount of employer's reimbursement | $23,739 | |

4. At the time of the accident in the present case, Minn.St. 176.061, subd. 6(c), provided that the employer was to be reimbursed for *all* compensation paid under the workers' compensation statute. That subdivision was amended in 1976 to require the employer to share the cost of the lawsuit against the third-party tortfeasor, thus reducing the amount of the employer's reimbursement. Laws 1976, c. 154, § 2.

5. Minn.St. 176.061, subd. 6, provides for distribution of the proceeds of a suit against a third party. Applying it to this case produces the following result:

| Judgment for plaintiff | $99,750 |
|---|---|
| Minus reasonable cost of collection (§ 176.061, subd. 6[a]) (attorney's fees of 33⅓ percent) | −33,250 |
| | $66,500 |
| Minus one-third directly to plaintiff with no right of subrogation (§ 176.061, subd. 6[b]) | −22,167 |
| | $44,333 |
| Minus all compensation paid under c. 176 (§ 176.-061, subd. 6[c]) | −41,000 |
| Balance to plaintiff (§ 176.061, subd. 6[d]) | $ 3,333 |

Thus the amount of the employer's reimbursement is $41,000. In future cases the amount of reimbursement will not equal the benefits actually paid because of the 1976 amendment to § 176.061, subd. 6(c). See, footnote 4, *supra.*