Todd M. ALBERT, et al., Respondents,

and

MAK Oil Company, Intervenor,
Respondent,

v.

PAPER CALMENSON & COMPANY, Defendant and Third–Party Plaintiff, Appellant (CX–93–1334), Respondent (C8–93–1560),

v.

CERES CONSTRUCTION COMPANY, a/k/a Ceres Tree Company, Third–Party Defendant, Respondent,

MAK Oil and Environmental Company, Third–Party Defendant, Respondent (CX–93–1334), Appellant (C8–93–1560).

Nos. CX–93–1334, C8–93–1560.

Supreme Court of Minnesota.

June 29, 1994.

Rehearing Denied July 28, 1994.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petitions of Paper Calmenson & Company and MAK Oil Company for further review of a decision of the court of appeals, 515 N.W.2d 59, be, and the same are, granted for the limited purpose of allocating the proceeds of the suit brought by the employee against the third party who was entitled to *Lambertson* contribution from the employer. The mechanics of the allocation that includes a *Lambertson* obligation are that the "third party tortfeasor * * * should pay the entire verdict * * * to the plaintiff. The employer should then contribute to the third party tortfeasor an amount proportionate to its percentage of negligence, but not to exceed the amount of workers' compensation benefits payable to the employee [and] the employee * * * should then reimburse the employer pursuant to 176.061, subd. 6(c)."

*Johnson v. Raske Building Systems,* 276 N.W.2d 79, 81 (1979). The employer's maximum contribution liability is determined by computing the subrogation interest which includes benefits paid and payable. *See Kempa v. E.W. Coons Co.,* 370 N.W.2d 414 (Minn. 1985). When allocated according to *Johnson,* PaCal should pay Albert the entire verdict ($1,962,108). The employer, MAK Oil, should then contribute to PaCal the amount proportionate to its percentage of negligence, but not to exceed the amount of workers' compensation benefits payable to Albert ($654,036). Albert should then reimburse MAK Oil pursuant to Minn.Stat. § 176.061, subd. 6(c) ($362,121), leaving MAK Oil with the credit of $334,216 against future benefits.

The petitions for further review are in all other respects denied.

IT IS FURTHER ORDERED that the motion of the Workers' Compensation Reinsurance Association for leave to participate as amicus curiae is denied.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice

SIMONETT, J., took no part.