In re PATERNITY OF J.M.V. and R.R.V., minor children.

Cindy R. Valento, Petitioner, Respondent,

v.

James K. Swenson, Appellant.

and

In re Ramsey County, Respondent,

Lori Elaine Christensen, Respondent,

v.

James K. Swenson, Appellant.

Nos. C8–02–1051, C9–02–1057.

Court of Appeals of Minnesota.

Feb. 11, 2003.

Bruce D. Peck, Inver Grove Heights, MN, for respondent Cindy R. Valento.

Susan Gaertner, Ramsey County Attorney, Sarah E. Feiro, Assistant County Attorney, St. Paul, MN, for respondent Ramsey County.

Michael A. Feist, St. Paul, MN, for respondent Lori Christensen.

Carl A. Blondin, Oakdale, MN, for appellant.

Considered and decided by
SHUMAKER, Presiding Judge,
LANSING, Judge, and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant, a child support obligor, appeals child support modification determinations from two different counties. The mother of Swenson's two oldest children initiated a proceeding in Washington County to increase support for those children. Swenson initiated a proceeding in Ramsey County to reduce support for his youngest child. This court consolidated the appeals. We reverse and remand the consolidated cases to Washington County.

## FACTS

Appellant James Swenson is the father of four children. The oldest are the two Valento children, born in 1988 and 1989. Their mother is respondent, Cindy Valento. Although she is a party, Valento does not make an appearance in this appeal. The next child was born in 1991; his mother, Jeanne Pierce, is not a party to this proceeding. The youngest child was born in 2000. Her mother is respondent Lori Christensen.

In 1989 and 1990, as a part of paternity determinations, the Washington County district court ordered Swenson to pay child support for the Valento children. Initially child support for the oldest Valento child was set at $300 per month. In 1990, Swenson was ordered to pay $360 per month, and in 1997, support was raised to $381 per month.

On September 28, 2001, a Ramsey County child support magistrate set the child support for the Christensen child at $762.50 per month on the basis of the statutory guidelines. In this and the other proceedings in 2001 and 2002, the parties agreed Swenson was self-employed and had a net monthly income of $3,050. In addition, Swenson was ordered to pay $247.80 per month for childcare expenses and $50 per month for health care, making Swenson's total obligation for the Christensen child $1,060.30 per month. The order acknowledged that Swenson was the father of the Valento children and that he claimed to be the father of the Pierce child, but stated that Swenson did not provide verification of paternity of the Pierce child or of existing support obligations for any of his children. The child support magistrate refused to deduct any

child support obligations or payments for the Valento or Pierce children from Swenson's net income.

On December 21, 2001, a stipulated paternity and child support hearing was held in Washington County for the Pierce child. On that date, the Washington County District Court determined that Swenson was the father of the Pierce child and ordered him to pay $533.75 per month child support for that child. This amount was based on the statutory guidelines after deducting the anticipated Valento support from his income. The Pierce order is not before this court on appeal.

On December 27, 2001, the Washington County District Court, acting on a motion of respondent Cindy Valento, and with the apparent concurrence of Swenson, ordered Swenson to increase his support payments to $915 per month for both Valento children. Support was calculated from the statutory child support guidelines.

Swenson initiated a Ramsey County proceeding to reduce the support obligation for the Christensen child. A hearing was held on January 11, 2002; on February 20, 2002, the child support magistrate entered its final order. The magistrate now recognized Swenson was the father of both the two Valento children and the Pierce child and acknowledged the existence of the Washington County child support orders of $915 for the Valento children and $533.75 for the Pierce child. The magistrate also found that (a) support for the Pierce child was $24.75 over the statutory guideline; (b) the Pierce obligation was not subject to automatic withholding; (c) there was no verification that Swenson was actually making the ordered payments for the Valento and Pierce children; (d) Swenson had engineered those orders so as to decrease his available income and obligation for the Christensen child; (e) to the extent Swenson was not actually paying support for the prior children, the December 2001 child support orders from Washington County were of no consequence to the Ramsey County determination; and (f) in calculating his available net income Swenson should only receive recognition for the $360 per month Valento payment ordered in 1990. The magistrate then reduced the child support for the Christensen child to $672.50 per month, reduced the childcare payment to $174.58 per month, and did not include the health care payment. A modified order was filed on May 8, 2002 that did not change support but required Swenson to pay Lori Christensen and Ramsey County for certain expenses not involved in this appeal.

Swenson appeals the May 8, 2002 Ramsey County order on the grounds that the child support magistrate did not recognize the then effective child support orders from Washington County District Court for the Valento children and the Pierce child and that the child support magistrate did not correctly compute his day-care obligation. Swenson also appeals the Washington County child support order for the two Valento children. In both appeals, Swenson requests determination of priority of his obligations and recalculations of the amounts based on the priority determinations.

Lori Christensen claims the Valento and Pierce child support orders entered after the initial order for support of the Christensen child are not entitled to full recognition in the Christensen proceeding and argues that the December 2001 Valento and Pierce orders were collusive attempts to reduce Swenson's income.

Ramsey County Attorney's Office participated in the appeal as statutory counsel for child support in the Christensen proceeding. The county attorney objects to the order of the Ramsey County child support magistrate on the grounds that

the record does not support the determination that Swenson was not paying $915 per month support for the Valento children, that ignoring prior orders for older children encourages the entry of unenforceable child support orders, and that the orders must reflect a balance between need and ability to pay.

We reverse and remand both cases to Washington County District Court.

## ISSUES

1. When a child support obligee moves to increase support, to what extent should the court consider the needs of a subsequent child?

2. When a child support obligor moves to reduce support for a subsequent child, to what extent may the trial court disregard the child support ordered paid for older children?

## ANALYSIS

### I.

■ Swenson's appeal in the Valento matter is taken from the Washington County District Court's December 27, 2001 order. On appeal from a district court's support order, we recognize that the district court has broad discretion regarding support and its decision will not be altered on appeal absent an abuse of discretion. *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). A district court abuses its discretion if it resolves the matter in a manner that is against logic and the facts on the record. *Id.* Also, this court will not alter a district court's findings of fact unless they are clearly erroneous. Minn. R. Civ. P. 52.01.

The child support guidelines are presumptively applicable in all child support cases. Minn.Stat. § 518.551, subd. 5(i) (2002). Under the guidelines, the presumptively appropriate child support ob-

ligation is calculated by multiplying an obligor's net monthly income by the percentage in the guideline table. Minn. Stat. § 518.551, subd. 5(b) (2002). An obligor's net monthly income is calculated by reducing the obligor's monthly income by various amounts, including "A Child Support or Maintenance Order that is Currently Being Paid." Minn.Stat. § 518.551, subd. 5(b).

■ The statutes also provide several factors for courts to consider in "setting or modifying child support or in determining whether to deviate from the guidelines." Minn.Stat. § 518.551, subd. 5(c) (2002) (listing factors such as financial resources of parents and children's needs). Judicial departure from the guidelines is acknowledged in Minn.Stat. § 518.551, subd. 5(i). Regardless of whether a court deviates from the guidelines in calculating child support, Minn.Stat. § 518.551, subd. 5(i) requires written findings concerning certain considerations affecting the determination of child support. *Id.* An overlapping set of factors exclusively directed at modification of maintenance and support orders is set forth in Minn.Stat. § 518.64, subd. 2 (2002). To complete the circle, the trial court is instructed in Minn.Stat. § 518.64, subd. 2(c)(1) to apply Minn.Stat. § 518.551, subd. 5. In sum, there is abundant statutory direction, yet the district court has discretion as long as the court provides an explanation for its decision that covers the factors specified in the law.

The legal framework becomes more complicated when, as here, a support obligor has multiple support obligations. As a general rule "[t]he needs of subsequent children shall not be factored into a support guidelines calculation under subdivision 5." Minn.Stat. § 518.551, subd. 5f (2002). Thus, a support obligor's subsequent child is not a reason to alter the

calculation of the presumptively appropriate guideline support obligation. Additionally:

> The fact that an obligor had additional children after the entry of a child support order is not grounds for a modification to decrease the amount of support owed. However, *the fact that an obligor has subsequent children shall be considered in response to a request by an obligee for a modification to increase child support.*

*Id.* (emphasis added). Furthermore, any deviation from the guidelines requires detailed findings. *Id.*

■ Here, the proceedings producing the stipulated December 27, 2001 order setting support for the Valento children were a result of Valento's motion to increase support. Therefore, the district court was required to consider Swenson's other children. The December 27, 2001 order, however, lacks any indication that the district court did anything other than approve the parties' stipulation. For that reason, the Valento order is defective, and that aspect of this case must be remanded. *See, e.g., Erickson v. Erickson,* 385 N.W.2d 301, 303–04 (Minn.1986) (remanding support modification where findings were inadequate).

■ Before ending our consideration of the Washington County order for modification of the Valento obligation, we note that the issues we have considered on appeal were never presented to the district court. Indeed, appellant joined in requesting that the court enter the order that was issued. Generally, we do not consider issues not raised in the district court. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating reviewing court must generally consider "only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)). Here, however, the Ramsey County child support magistrate found that the Washington County orders were engineered to reduce Swenson's income when calculating his obligation to his youngest child in Ramsey County. Therefore, the interests of justice require that we consider this matter and that the Washington County District Court reconsider the situation. *See* Minn. R. Civ. P. 103.04 (allowing appellate courts to "reverse, affirm or modify the judgment or order appealed from or take any other action as the interest of justice may require").

## II.

■ The next question is whether the Ramsey County child support magistrate abused her discretion in only reducing the support for the Christensen child to $672.50 per month. On appeal from a magistrate's order, this court uses the same standard to review issues as would be applied if the order had been issued by a district court. *Brazinsky v. Brazinsky,* 610 N.W.2d 707, 710 (Minn.App.2000).

Swenson moved to decrease his Christensen support obligation because, after his Christensen obligation was set: (a) he was adjudicated the father of the Pierce child and a support obligation for that child was imposed in the amount of $533.75 per month; and (b) his obligation for the Valento children was increased to $915. The court must decide the extent to which the Christensen obligation should be affected by Swenson's obligations for the other children.

■ Minn.Stat. § 518.551, subd. 5f addresses the bases for modification of support obligations of obligors with subsequent children and states:

> The fact that an obligor had additional children after the entry of a child support order is not grounds for a modifica-

tion to decrease the amount of support owed.

*Id.* Although the Pierce child is nine years older than the Christensen child, paternity for the Pierce child was determined after support was set for the Christensen child. The question is whether the (older) Pierce child should be considered a subsequent child when addressing the obligation for the (younger) Christensen child. We conclude that, absent good cause to rule otherwise, for purposes of Minn.Stat. § 518.551, subd. 5f, a prior child is the older child by age, and the subsequent child is the younger child. We reach this conclusion because: (a) it appears most consistent with the ordinary meaning of the word "subsequent"; (b) in most situations paternity is known, and a race to the courthouse to gain the upper hand for support is unseemly; and (c) the mother of the younger child is likely to be aware of the older child and should accept the claim for support by the older child's mother as having priority. The record indicates that Swenson had accepted responsibility for the Pierce child several years before a formal adjudication of paternity and had been paying child support. Thus, in this case, the Christensen child is the subsequent child for purposes of Minn.Stat. § 518.551, subd. 5f, both with respect to the Valento children and the Pierce child.

■ The Ramsey County child support magistrate was skeptical, if not hostile, toward the Valento and Pierce support orders and refused to consider offsetting these obligations against Swenson's income in accordance with their terms. Indeed, as previously noted, the child support magistrate found those orders were engineered as a virtual fraud on the Washington County court. However accurate this may have been, there are inconsistencies in the analysis of the Ramsey County child support magistrate. The magistrate found

both that the actual payments for the Valento children were lower than the amount ordered and that excessive payments had been made. This was never reconciled. Furthermore, the magistrate either was not informed of, or chose to ignore, the 1997 increase in the Valento support to $381 per month. With respect to the Pierce order, the Ramsey County magistrate concluded that support at $533.75 per month was $24.75 over the guideline calculation and then proceeded to disregard the entire support obligation for the Pierce child. The magistrate was troubled by the lack of income withholding in the Washington County orders and saw this as but one more indication of collusion between Swenson and the other two obligees. Finally, the magistrate appears to have been unrealistic in expecting proof of payment. The $915 level of child support had only been filed on January 9, 2002. The Pierce child support order for $533.75 per month was entered on December 21, 2001. The Christensen matter came on for hearing on January 11, 2002. It was premature to conclude that Swenson would not be complying with the new level of support for the Valento and Pierce children.

The Christensen magistrate concluded that, except to the extent of the 1990 Valento order for $360 per month, the Washington County orders were not relevant to the determination of support for the Christensen child. We reverse the Ramsey County child support magistrate's order of support for the Christensen child. Since the day-care obligation is partially a function of support, it too should be recomputed on remand.

### III.

■ Typically, at this point, we would remand the Valento support matter to the Washington County District Court from which it originated and the Christensen

matter to the Ramsey County child support magistrate from which it originated. But in this case the Ramsey County child support magistrate distrusted the Washington County District Court proceeding. Because of this awkward situation and the risks of incompatible results on remand, we remand both cases to the Washington County District Court.[1] *See generally* Minn.Stat. § 480A.07 (2002) (stating court of appeals may transfer a case to appropriate district court if it determines further findings of fact are required); Minn.Stat. § 480A.06, subd. 5 (2002) (stating court of appeals may issue orders necessary to enforce its rulings); *cf.* Minn. R. Civ.App. P. 103.04 (allowing appellate court to take action "as the interests of justice may require"); *Albert v. Paper Calmenson & Co.*, 515 N.W.2d 59, 69 (Minn.App.1994) (considering judicial efficiency and convenience in remanding a complex case), *review denied in part* (Minn. Jun. 29, 1994), *aff'd as modified* 524 N.W.2d 460 (Minn.1994). In this regard we observe that although the Pierce child support matter is not on appeal, it is venued in Washington County. If Swenson or the district court determines that the Pierce child support order should be reviewed to have a full and fair disposition of the pending matters, we assume appropriate steps will be taken to accomplish that.

On remand, Swenson's three separate support obligations present the question of how to proceed. Swenson's various support obligations are most easily and understandably set at the presumptively appropriate guideline amounts. The Valento

support would be set first. After Swenson's income is reduced for the Valento obligation, the Pierce support would be set, and after Swenson's income is again reduced, the Christensen support would be set. The existing Pierce child support order appears to fit with this approach.

The district court may for good cause deviate from this mechanical, chronological result. *See* Minn.Stat. § 518.551, subd. 5(i) (addressing deviation from guidelines); Minn.Stat. § 518.64, subd. 2(c)(1) (stating Minn.Stat. § 518.551, subd. 5 is applicable on motions to modify support). Since none of the children reside with Swenson, since the Ramsey County child support magistrate found bases for believing collusion has occurred between Swenson and Valento and between Swenson and Pierce, and since the district court has certain defined discretion to fashion a disposition appropriate to its findings, the statutes neither mandate a harsh inflexible priority for older children (*see* Minn.Stat. § 518.551, subd. 5f), nor mandate that the younger children be automatically provided less support than the older children, nor mandate that all children be paid the same level of support. In remanding, we direct the district court to determine whether any of the children have special needs, special resources, or other circumstances that warrant special consideration in setting support levels. *Hayes v. Hayes*, 473 N.W.2d 364, 366 (Minn.App.1991).

■ If support is set at an amount that deviates from the guidelines, the district court faces statute-imposed duties. First,

1. We recognize the Washington County District Court may wish to restore venue of the Christensen proceeding to Ramsey County. If the Washington County District Court determines this case can again be fairly and fully handled in two different counties, we do not intend to foreclose that ultimate disposition. However, we conclude that to make appropriate findings and to set and coordinate support for at least the three children involved in these two proceedings, a single judicial officer should oversee these cases at this time. We also note that the Ramsey County attorney participated in this appeal. That participation was helpful, and by shifting venue, it is not the intention of this court that Ramsey County Attorney's Office should cease participation in this case.

the court shall make written findings giving the amount of support calculated under the guidelines, the reasons for the deviation, and shall specifically address the criteria in [Minn.Stat. § 518.551, subd. 5(c) ] and how the deviation serves the best interest of the child.

Minn.Stat. § 518.551, subd. 5(i). Additionally, when a support obligor has multiple support obligations, to set support at an amount other than the presumptively appropriate guideline amount, the court must

(1) find the obligor's total ability to contribute to dependent children, taking into account the obligor's income and reasonable expenses exclusive of child care. The obligor's expenses must be:
(i) reduced as appropriate to take into account contributions to those costs by other adults who share the obligor's current household; and
(ii) apportioned between the parent and any subsequent child with regard to shared benefits, including but not limited to, housing and transportation;

(2) find the total needs of all the obligor's children, and if these needs are less than the obligor's ability to pay, the needs may become the obligor's child support obligation. When considering the needs of subsequent children, the trial court must reduce those amounts as appropriate to take into account the ability to contribute to those needs by another parent of the children;

(3) make specific findings on the needs of the child or children who are the subject of the support order under consideration; and

(4) exercise discretion to fairly determine the current support obligation and the contribution left available for other children, considering that the support obligation being determined should be in an amount at least equal to the contribution for a subsequent child.

Minn.Stat. § 518.551, subd. 5f. Although the statutes do not fully provide for all cases, the ideal is to provide fairly for all children. As our supreme court once observed:

> A trial court's sound discretion * * * should not be shackled by rigid rules which prevent a recognition of the needs of innocent children whether they be born of a first or of a second marriage. Children born of the second marriage * * * are not responsible for their existence and are equally dependent upon their father for support.

*Mark v. Mark*, 248 Minn. 446, 451, 80 N.W.2d 621, 625 (Minn.1957).

■ On remand, the district court should recognize that the statute requires that Swenson only receive credit for child support payments to the extent such payments are currently being made, *see* Minn. Stat. § 518.551, subd. 5(b)(viii), and should ensure that Swenson not use his relationships with some obligees to inflate support that will not be paid so as to reduce support for children of other obligees. We also note that if an obligor is caught playing this game, he is setting himself up for financial woes. On the one hand, support for subsequent children increases; on the other hand, he is still liable for arrearages. The Ramsey County Attorney's comments are well considered: child support obligors should have payment obligations that can be met and that are collectible. This does not mean that Swenson is excused from full responsibility for supporting his children; it only means that one judicial officer in one proceeding should not create unreasonably high payment obligations for multiple families. Arrearages should be enforceable and enforced, not compounded and uncollectible.

### IV.

■ Christensen moved to strike that portion of the appendix to the Swenson

brief that contained the November 9, 1989 paternity judgment and child support order for the older Valento child. We acknowledge that this material was not before the Ramsey County child support magistrate in case number C9–02–1057. However, we note this paternity judgment was part of the consolidated file before the Washington County District Court in paternity file F4–89–051069. As such, the original paternity order for the older Valento children is part of the consolidated file before this court. Accordingly, the Christensen motion to strike is denied.

## V.

Christensen moved this court for attorney fees. Minnesota's dissolution statute allows attorney fees to be awarded against a party in an amount necessary to enable a party to carry on a proceeding. Minn. Stat. § 518.14, subd. 1 (2002). The court must find

> (1) that the fees are necessary for the good-faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;

> (2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and

> (3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

*Id.* A court may also award attorney fees against any party who unreasonably contributes to the length or expense of the proceeding. *Id.*

Christensen cited no authority for her request for attorney fees. The only assertion to support the award is a statement of counsel's hourly rate. We deny the motion for attorney fees.

## DECISION

We grant the relief requested by appellant Swenson and urged by respondent Ramsey County and reverse the decision of the Ramsey County child support magistrate in C9–02–1057 and the Washington County District Court in C8–02–1051. We remand both proceedings to Washington County District Court for further proceedings consistent with this opinion. We deny respondent Christensen's motion to strike, and we deny Christensen's motion for attorney fees.

**Reversed and remanded; motion to strike denied and motion for fees denied.**